AUGUSTUS C. MUELLER *et al.*, Defendants in Error, *v.* WILLIAM WIEBRACHT, Plaintiff in Error.

1. *Partnership—Verbal agreement, contrary to statute of frauds, binding if carried out.*—In suit on a partnership account it appeared that A. and B., members of the firm, being about to trade with C., agreed with him verbally that payments by the firm should be first applied to satisfy a pre-existing debt owing by A. *Held*, that although the agreement might have been contrary to the statute of frauds, and therefore incapable of enforcement, yet if the parties went on and complied with its terms, and applied the payment to the old account, they could not repudiate it and afterward apply the payments to that of the firm.

*Error to St. Louis Circuit Court.*

*Slayback & Haeussler*, for plaintiff in error.

Where one account is with the debtor as executor and the other is in his own right, the law will apply the payment made, when nothing is said, to the debt due from himself individually, and will not allow the creditor to appropriate it to the other demand. (Chit. Cont., 5th ed., 583 ; Pars. Cont., § 31, and notes.) Nor can a debtor apply payments, where one is barred by the statute, so as to remove the bar of the statute. (Pars. Cont., 5th ed., 630–2 ; Lowery v. Gear, 32 Ill. 382 ; Smith's Merc. Law, 672.) Is not this just what is attempted to be done in this case? The plaintiffs are trying to evade the statute of frauds.

If a debtor pay with one intent and the creditor receive with another, the intent of the debtor shall govern. (Reed v. Boardman, 20 Pick. 446 ; Am. Law Reg. 1865–6, pp. 194–5, 264.) Can there be a doubt as to Wiebracht's intent? Was there any doubt that the money was paid on account of the debt of Schmale & Co.? In this case plaintiffs have never applied the moneys paid to the old balance of $4,084 due by Schmale, as they say it was agreed should be due, but they have mixed up the account of the firm and the old balance of Schmale, and then applied the payments on their books to the credit of the whole account, new and old, and their own testimony shows that this never was the agreement. (Cole v. Shurtleff, 41 Verm. 311.)

Plaintiffs proved that Schmale & Co. verbally agreed that the firm would pay off the individual debt of Schmale. This verbal promise came directly within the statute of frauds; there was no consideration. (Fagan v. Long, 30 Mo. 222.) Our Supreme Court has held that an incoming partner is not liable for the debts contracted before he enters the partnership. Even an instruction is erroneous saying he was liable if he got the benefit for which the debt was contracted. (Sto. Part. 152, 153.)

Plaintiffs have, as appears by the evidence, the fixed idea that an incoming partner is liable for all his partner's old debts. There was no consideration for such a promise by Wiebracht. The plaintiffs released nothing; they did not release Schmale or any one else. They continued to hold their demand against him, and sold the goods to the new firm on the credit of Schmale, not on that of Wiebracht; there was no novation. (Sto. Part., §§ 156, 157; 2 Pars. Cont., 5th ed., 632; Edgell v. Tucker, 40 Mo. 528; Butterfield v. Hartshorn, 7 N. H. 345; Snyder v. Kirtley, 35 Mo. 423.)

*Garesche & Mead*, for defendants in error.

I. The application of the payments to the old debt was with defendant's express sanction. But aside from proof, the law is so well settled that the application of payments is at the discretion of the payee, except where paid on a particular account, or the debtor indicates a particular application, that authorities on the subject are unnecessary.

II. The plaintiffs' books were admissible to prove the application of the payments, when the evidence clearly proved that they had been shown to defendant, and that defendant had promised to pay the balance shown by them.

III. The judgment was for the right party. (Fagan v. Long, 30 Mo. 222.)

BLISS, Judge, delivered the opinion of the court.

The plaintiffs sue for balance of an account which arose from sales of flour to the firm of Schmale & Co., of which the defendant was the surviving partner. Before the formation of the

partnership Schmale had been trading with the plaintiffs, and when defendant came into the firm was owing them a balance of $4,084. The plaintiffs and their book-keeper testified that Schmale brought defendant to their store, informed them that he had become a partner, and that they wished to continue the trade as before, and that both Schmale and defendant agreed that the payments to be made by them should first apply to extinguish the old debt; but this agreement the defendant denied. It appears that before the death of Schmale the plaintiff made further advances to the amount of $2,220.75, and Schmale & Co. paid before, and soon after the death of Schmale, the sum of $4,793, which extinguished the old account and left due upon the new the sum of $1,511.75, for which the suit was brought. The defendant claims that the payments made by Schmale & Co. should be applied first to the payment of that part of the account which accrued after the firm was created, while the plaintiffs insist that there was an express agreement to apply the payments as the application was actually made.

The court instructed the jury that Schmale & Co. were under no obligation to pay the debt of Schmale, although they had verbally agreed to do so; but if the agreement was actually executed, defendant could not now insist upon a different application of the payments made; to which instruction defendant excepted. Defendant's counsel asked an instruction that the alleged agreement was not binding unless made for a good consideration and reduced to writing, leaving out the qualification as to the execution of the agreement by the actual application of the payments according to its terms; which the court refused to give.

The court committed no error in giving the one instruction and refusing the other. It was for the jury to say whether the defendant agreed, when he entered the firm, and when the plaintiffs continued to extend to it the old credit, that the payments to be made should first satisfy the old charges, and whether they had actually, with his knowledge and consent, been so applied; and there was abundance of evidence to sustain their finding in this regard. But because this agreement might have been contrary to the statute of frauds, it by no means follows,

after the money had been applied in accordance with it, that it can be recovered back, or that a different application can be demanded. No principle is more familiar than that parties may, if they choose, comply with the terms of an agreement that could not have been enforced, and, having done so, they are not at liberty to repudiate it and recover back money paid upon it merely because it could not have been enforced. (Brown on Frauds, § 116.) It is true, if the consideration fails — as if a vendor of land, after having received payment, refuses to convey — the payment may ordinarily be recovered back as for money had and received; but this is a different case. The consideration was mainly between the partners, and the original agreement seems to have been to collect the dues and pay off the debts of Schmale that had accrued in the business. No new account was opened with Schmale & Co., but the additional items were entered in the old account as though no change had been made, and this was the manner in which the account was kept, both on the plaintiffs' books and in the company's pass-book. This view is sustained by the testimony of all the plaintiffs and their book-keeper; and every act of defendant, down to the last payment made by him several months after the death of Schmale, looks in the same direction. It is too late for him now to repudiate the agreement and recall the payments. Had there been any evidence of deception — as that defendant did not understand what he consented to — it should have been submitted to the jury, under proper instructions; but there is no pretense of the kind. He was himself the book-keeper of Schmale & Co., and examined the plaintiffs' books and knew of the application of the money paid, and there is no ground whatever for interfering with the verdict under the instruction.

Counsel object to this instruction and verdict because not warranted by the issues. Plaintiffs sued for balance of account for flour sold and delivered at sundry times. Defendant pleaded payment, which plaintiffs denied. To support the averment of payment, defendant showed the amounts that Schmale & Co. had paid at sundry times, and in reply the plaintiffs showed that these payments were made upon the old account; and if so, they

clearly were not made upon the account sued on. Counsel assume that the suit was upon the agreement to pay up the old account of Schmale, and this objection has no force upon the issue as actually made.

The other judges concurring, the judgment will be affirmed.